# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KENNETH RAY JOHNSON,    )
    )
    Petitioner,    )
    )
v.    )    CV418-084
    )
NATHAN BROOKE,    )
    )
    Respondent.    )

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 10:25 am, Jun 06, 2018

## REPORT AND RECOMMENDATION

Kenneth Ray Johnson has filed an application for habeas corpus under 28 U.S.C. § 2254, asserting claims for relief that he concedes have not been "presented to the highest state court having jurisdiction," doc. 1 at 12, and therefore are not "exhausted" as required by § 2254(b)(1)(A).[1] He contends, however, that the state habeas court has stymied his efforts to exhaust those claims through excessive delay in issuing a final decision, thus precluding any state appellate review. This clog in the processing of his state habeas case, he reasons, has left him with "no

---

[1] To satisfy the exhaustion requirement, a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). More specifically, a state prisoner must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

other recourse" than petitioning for federal habeas relief.  Doc. 1 at 14.

Because Johnson still has an available state procedure that he has yet to

utilize, his futility argument fails and his petition should be dismissed for

lack of exhaustion.

Johnson is serving a 20-year sentence for aggravated assault,

terroristic threats, and tampering with evidence, a sentence imposed by

the Chatham County Superior Court on September 6, 2012.  Doc. 1 at 1.

That conviction was affirmed on direct appeal on March 13, 2014.  *Id*.;

*Johnson v. State*, 326 Ga. App. 220 (2014).  Shortly after his conviction,

and before his direct appeal was decided, Johnson filed a state habeas

petition listing numerous grounds not raised in his state direct appeal.

Doc. 1 at 4 (noting that he filed his habeas petition on October 31, 2012,

asserting ineffective assistance by his four pretrial and trial attorneys,

malicious prosecution, discovery violations, and violations of the Due

Process and Confrontation Clauses).  At some unspecified time, he

amended that petition to assert ineffective assistance and "conspiracy"

by his appellate counsel.  *Id.*

Johnson's habeas petition, initially filed in the Chatham County

Superior Court, was ultimately transferred to the Superior Court of

Washington County.  *Id.*  That Court conducted an evidentiary hearing on his petition on March 31, 2016.  *Id.* at 5; *Johnson v. Chisholm*, CV14-446 (Wash. County Super. Ct.).   Thus,  over  two  years  have  passed without a ruling on Johnson's claims.

Johnson concedes that his state habeas petition -- which raises the same claims presented in the federal habeas petition filed in this Court[2] -- is still pending before the Washington County Superior Court.  Doc. 1 at 12.  He further recognizes that he has not exhausted any of his claims, for he has yet to present them through one full round of state appellate review.  *Id.* at 5-7, 9, 10.  But he can't do that, he explains, because the state habeas court refuses to issue a decision addressing his claims.

The federal habeas corpus statute provides that the exhaustion requirement does not apply where a petitioner establishes "that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."  28 U.S.C. § 2254(b).  It is well settled in this Circuit that inordinate and unjustifiable delay by a state court in reviewing a state

---

[2]   Johnson states that the grounds asserted in his state and federal petitions "are all the same," even if they are worded somewhat differently.  Doc. 1 at 12.

prisoner's claims excuses him from exhausting his state remedies.   "A federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."   *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991).   In *Hollis*, an Alabama prisoner had, over the course of several decades, filed numerous *pro se* applications seeking relief from his burglary conviction, including petitions for writs of habeas corpus and mandamus.   *Id.* at 1472-74.   The state had failed to act on any of his petitions or appoint him counsel to overcome his "inscrutable" handwriting.   *Id*. at 1473.   In addition, the state admitted "the futility of further resort to its own courts," thus effectively waiving the exhaustion requirement.   *Id*. at 1475.

The two-year delay in this case is certainly not as egregious as that presented in *Hollis*.   But *Hollis* did not suggest that a state prisoner must show decades of delay before he can be relieved from the exhaustion requirement.   Indeed, *Hollis* cited binding Fifth Circuit authority that exhaustion may be excused where the prisoner's "state habeas petition has been completely dormant for over one year," *id*. (citing *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978), or where there

4

has been a fifteen-month delay in the processing of the prisoner's direct appeal. *Id.* (citing *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (remanding for a determination of the justifiability of the delay)).

There is a material difference between this case and *Hollis* (and similar cases from this Circuit), however.  The federal habeas statute provides that a petitioner has not "exhausted" his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  There was no doubt in *Hollis* that the petitioner had pursued every state post-conviction remedy "available" to him.  Johnson, on the other hand, has clearly failed to do so.

In *Jackson v. Walker*, 206 F. App'x 967 (11th Cir. Nov. 26, 2006), just as in this case, a Georgia state prisoner sought federal habeas relief after a state habeas court afforded him an evidentiary hearing but "allowed over two years to elapse without issuing a ruling." *Id.* at 968. The Eleventh Circuit saw no need to remand the case for a determination of the reasonableness of the delay, for it recognized that the petitioner had an available state procedure that he was required by state law to utilize -- a petition for a writ of mandamus pursuant to

O.C.G.A. § 9-6-20.   *Id.* at 969.   That statute requires the faithful performance of all official duties, including judicial duties, and authorizes the issuance of a writ of mandamus "to compel a due performance" of those duties.   *Id.*   "[T]he Georgia Supreme Court has considered mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion."   *Id.*  The Eleventh Circuit reasoned that mandamus is also the appropriate remedy for compelling a superior court to issue a ruling in a habeas case.   *Id.*[3]

Johnson argues that, because the state habeas court has unreasonably declined to rule on his habeas petition, he has "no other recourse" but to seek relief under 28 U.S.C. § 2254.   In this he is mistaken.   Because it "plainly appears from the petition . . . that the petitioner" has an "available" avenue of relief that he has yet to pursue

---

[3]   The Supreme Court has never interpreted the "any available procedure" language of § 2254(c) as requiring a state prisoner "to invoke *any possible* avenue of state court review."   *O'Sullivan*, 526 U.S. at 844 (emphasis in original).   Thus, a state prisoner need not "invoke extraordinary remedies when those remedies are alternatives to the standard review process."   *Id.*   The Court then listed "mandamus" as one example of such an "extraordinary" remedy that would not be a part of the state's standard review procedures.   *Id.*   But as the Eleventh Circuit held in *Jackson*, while the Georgia courts recognize mandamus as "an extraordinary remedy," available only "if no other adequate legal remedy exists," they also consider mandamus part of the habeas arsenal, a procedure that must be utilized when a superior court judge fails to issue a timely ruling on a habeas petition.   206 F. App'x at 969.

and thus that his claims are not yet exhausted, the Court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4, Rules Governing Section 2254 Cases; *see also Smalls v. St. Lawrence*, 2012 WL 1119766 at *1 (S.D. Ga. Feb. 27, 2012).[4]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[4]   A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this   6th   day of June, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA